UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GENESIS OFFICE SYSTEMS, INC.

                              Plaintiff,

- against -

GESTETNER/SAVIN CORPORATION, RICOH
CORPORATION AND ADVANCE BUSINESS
SYSTEMS

                              Defendants.

Index No. 07 CV 3682 (DC)

**AFFIDAVIT OF DAVID A. KOCHMAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(F) IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

---

STATE OF NEW YORK   )
                             ) SS
COUNTY OF NEW YORK )

        DAVID A. KOCHMAN, ESQ., being duly sworn, deposes and says:

        1.     I am a member of the firm Anderson Kill & Olick, P.C., counsel for Defendants Gestetner/Savin Corporation ("Savin"), Ricoh Corporation ("Ricoh") and Advance Business Systems ("Advance") (together, "Defendants") and am duly admitted to practice before this Court. I submit this affidavit pursuant to Fed. R. Civ. P. 56(f) in opposition to Plaintiff Genesis Office Systems, Inc.'s ("Plaintiff") cross-motion for summary judgment. I am fully familiar with the facts and material contained herein.

        2.     As the Court is aware, this case is at the earliest stages. There has not been any discovery as a Rule 16 conference has not yet been held.

        3.     Nevertheless, if the Court decides to deny Defendants' motion to dismiss and consider Plaintiff's cross-motion for summary judgment, Defendants would need specific discovery to properly contest that cross-motion. At a minimum, that

discovery would include document requests and the deposition of Plaintiff. The subjects covered would include, but not be limited to:

(a) All communications concerning the contracts and business relationships at issue in this action.

(b) The basis for Plaintiff's allegations against Defendant Savin in the Complaint.

(c) The basis for Plaintiff's allegations against Defendant Ricoh in the Complaint.

(d) The basis for Plaintiff's allegations against Defendant Advance in the Complaint.

(e) The basis for Plaintiff's allegation that Defendant Savin's termination of its agreement with Plaintiff constitutes a breach of contract and is "inconsistent" with the terms of the subject agreement. Complaint ¶ 18

(f) Information concerning Plaintiff's allegations that Defendants terminated their relationships with Plaintiff "for the benefit of Advance." Complaint ¶¶ 18, 26-29

(g) Information concerning Plaintiff's allegation that Defendants intended "to 'kill' Genesis as a company" and, thereby, caused Plaintiff "substantial losses." Complaint ¶ 31

(h) Information concerning Plaintiff's allegation that "Advance intentionally and improperly sought to exclude Genesis from the Baltimore territory" and that "Advance made agreements with [Ricoh and Savin] to further its goal of acquiring the Baltimore territory and Baltimore business ... ." Complaint ¶¶ 38-39

(i) Information concerning Plaintiff's assertion that "nothing occurred in the relationship [between Plaintiff and Defendants] in twenty years to warrant termination." Complaint ¶ 40

(j) Information concerning Plaintiff's assertion that Plaintiff "understood contractual language gave it assurance that it could not be 'kicked out' of that [Baltimore] territory because another Dealer was allowed in." Plaintiff's Response at 4

(k) Information concerning Plaintiff's assertion that it was the intent of the parties that the contracts at issue would continue in perpetuity. Plaintiff's Response at 5

      (l)      Information concerning Plaintiff's allegation that, had it understood the dealer sales agreements to permit Defendants to elect to either terminate or not renew the agreements after their stated expiration date, "Plaintiff most certainly would never have agreed to do business with [Defendants]." Plaintiff's Response at 6

4.      Much of the information Defendants would seek is, by its very nature, exclusively in the possession of Plaintiff.

5.      Without this discovery, Defendants are prejudiced in demonstrating admissions inconsistent with those Plaintiff avers in the Complaint, its response to Defendants' motion to dismiss and cross-motion for summary judgment and in its affidavit submitted in support of its cross-motion.

6.      As a result of the posture of this case, Plaintiff's failure to comply with the Court's Individual and Local Practices, as well as Plaintiff's legally insufficient allegations and claims, Defendants cannot now, by affidavit, present additional facts essential to justify its opposition to Plaintiff's cross-motion for summary judgment.

                                                              /s/ David A. Kochman
                                                                 David A. Kochman

Sworn to and subscribed before me
this 9th day of October, 2007

*[signature]*

AUDREY A. DESOUZA
NOTARY PUBLIC, State of New York
No. 01DE5034922
Qualified in Kings County
Commission Expires Oct. 24, 20_10_